1  Joseph R. Manning, Jr. (SBN: 223381)
   LAW OFFICES OF JOSEPH R. MANNING, JR.
2  A PROFESSIONAL CORPORATION
3  4667 MacArthur Blvd., Suite 150
   Newport Beach, California 92660
   Tel: 949.200.8755; Fax: 866.843.8308
4  ecf@manninglawoffice.com

5  Attorneys for Plaintiffs CHAIM JERAFFI and RACHEL JERAFFI

6

7            UNITED STATES DISTRICT COURT
      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
8

9  CHAIM JERAFFI and RACHEL          CASE No: 2:14-CV-09052-DSF-SS
   JERAFFI,
10                                   Assigned to:  Hon. Dale S. Fischer
            Plaintiffs,
11                                   **PLAINTIFFS' OPPOSITION TO
   v.                                DEFENDANT'S MOTION TO
12                                   DISMISS**
   WELLS FARGO HOME
13 MORTGAGE, A DIVISION OF           Date:     January 26, 2015
   WELLS FARGO BANK, N.A., a         Time:     1:30 p.m.
14 business entity form unknown,     Crtrm.:   840
   RTS PACIFIC, INC., a business
15 entity form unknown, and DOES
   1-100, inclusive,
16
            Defendants.
17

18

19

20  **TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

21      Plaintiffs, CHAIM JERAFFI and RACHEL JERAFFI (collectively,

22  "Plaintiffs") hereby oppose defendant WELLS FARGO BANK, N.A., INC.'s

23  ("Wells Fargo" and/or "Defendant") Motion to Dismiss Plaintiffs' Complaint for

24  failure to state a claim.

25

26

27          **I.     INTRODUCTION**
                                  **Case No. 14-CV-02658-DSF (PJWx)**
28  ────────────────────────────────────────────────────
                              1
      PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Plaintiffs' Complaint asserts violations of law by the Defendant in connection with the non-judicial foreclosure attempts of the residential real property located at 4915 Petit Ave. Encino, CA 91436 (hereinafter "Subject Property") which is owned and occupied by Plaintiffs subject to a secured first lien loan Deed of Trust serviced by Wells Fargo Bank, N.A. (hereinafter "Defendant").   Plaintiffs allege causes of action for violation of the various provisions of the California Homeowner's Bill of Rights ("HBOR"), namely, California Civil Code[1] Sections 2924.10, 2923.7, 2923.55, 2923.6 and 2924.9, violation of California Business & Professions Code Section 17200, negligent misrepresentation, and negligence.  These causes of action are meritorious and Defendant's motion should be denied.  However, if the Court should find that one or more of Plaintiffs' causes of action have not been properly pled, Plaintiffs respectfully request leave to amend to cure any deficiencies.

## II.   ARGUMENT

### A.   Defendant's Motion to Dismiss is Without Merit.

The Federal Rules simply require in the complaint a "short and plain statement of the claim showing the pleader is entitled to relief." [FRCP Rule 8 (a)(2)].  In *Conley v. Gibson*, 355 U.S. 41, 47 (1957), the United States Supreme Court noted the Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which they base their claim.  To the contrary, all the Rules require is 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiffs' claim is and the grounds upon which it rests."

In ruling on a motion to dismiss, the Court must accept all material allegations of fact alleged in the complaint as true and resolve all doubts in plaintiff's favor. *Pareto v. F.D.I.C.*, 139 F. 3d 696, 699 (9th Cir. 1998).   Moreover, motions to dismiss are disfavored, as there exists "a powerful presumption against rejecting

---

[1] References to California Civil Code are hereinafter referred to as "Section" unless otherwise specified.

**Case No. 14-CV-02658-DSF (PJWx)**

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* at 46-47.   In considering a motion to dismiss, a district court must take as true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). A court also must take into account all inferences supporting the complaint that a trier of fact reasonably could draw from the evidence. See *Id.*

Even applying the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (requiring complaints to have enough factual matter, not just labels, conclusions, and formulaic recitation of the elements of cause of action), the instant case sufficiently contains enough facts, tenable on its face, to state a claim for which relief can be granted.

With regard to foreclosure-related cases, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of Plaintiffs' claims." *Balderas v. Countrywide Bank, N.A.,* 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not factually implausible, the court's skepticism is best reserved for later stages of the proceedings when the Plaintiff's case can be rejected on evidentiary grounds." *Id.* at 791 (quoting *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008)).

Here, Plaintiffs' Complaint identifies Defendant Wells Fargo, and enumerates, with sufficient factual support, the different causes of action against Defendant.   A complaint may not be dismissed if there is any set of facts supporting a cause of action. Rulings on a motion to dismiss must accept the factual allegations of the complaint as

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

true and must draw all reasonable inferences in favor of the Plaintiffs. Moreover, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bernheim v. Litt,* 79 F.3d 318(1996).

### B. Plaintiffs' Claims are Not Preempted by The Home Owners' Loan Act.

Defendant asserts that Plaintiffs' claims based on violations of the Homeowners' Bill of Rights ("HBOR"), as codified in California Civil Code, are preempted by the Homeowner's Loan Act ("HOLA"), 12 U.S.C. §§1461 *et seq*., and regulations promulgated by the Office of Thrift Supervision ("OTS"), 12 C.F.R. §560.1 *et seq*. Under this theory, Defendant Wells Fargo Bank, N.A. argues that Plaintiffs' claims for violation of *Civil Code* § § 2924.10, 2923.7, 2923.55, 2923.6, 2924.9, *Cal. Business & Professions Code* §17200, negligent misrepresentation and negligence are likewise barred because the alleged violations are in connection with the preempted areas of law.

Defendant's argument that HOLA preempts its obligations under California's Home Owners Bill of Rights (hereinafter "HBOR") is misguided. Defendant Wells Fargo Bank, N.A. is organized and operates as a National Association; thus, it is not subject to or regulated by HOLA regulations. One has to remember that Wells Fargo voluntarily invoked the remedy of California non-judicial foreclosure law. It voluntarily chose to utilize and subject itself to the requirements of California law, specifically *Civil Code* §§ 2923 AND 2924 *et seq*. Claiming federal preemption, Defendant now wants to exempt itself from the non-judicial foreclosure procedural requirements, or at least the ones it does not like. The critical question in any preemption analysis is always whether Congress intended that federal regulation supersedes state law. Furthermore, Wells Fargo is acting as a **Servicer**, pursuant to Civil Code §2920.5 (a), and not a lender or mortgagee therefore, the provisions of HOLA it claims to preempt Plaintiffs' claims do not apply to Wells Fargo.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### 1. The National Banking Act and OCC Regulations are the Proper Preemption Analysis.

When properly analyzed under the National Banking Act's ("NBA") preemption regime, HBOR is **not** preempted because it falls squarely within the Office of the Comptroller of the Currency's ("OCC") <u>savings clause that preserves state foreclosure laws</u>.

Preemption of state law by national banks is analyzed under the OCC conflict preemption standards set forth in the NBA. See *Aguayo v. U.S. Bank, N.A.*, 653 F.3d 912, 921-22 (9th Cir. 2011). In this case, Plaintiffs' loan was originally held by Wachovia Mortgage, F.S.B. ("Wachovia"), which was subsequently acquired by the Wells Fargo Bank, N.A. Because Wells Fargo Bank is a <u>National Association</u>, and currently services the loan, it is directly responsible for the foreclosure process, and the NBA and OCC regulations apply. The fact that the loan originated with Wachovia, a federal savings bank, does nothing to change this analysis.[2]

The central allegations in this case – Wells Fargo's noncompliance with HBOR – are attributable solely to the foreclosure actions of Wells Fargo and have nothing to do with the origination activity of Wachovia, which is no longer in existence. *See Gerber v. Wells Fargo Bank, N.A.*, 2012 WL 413997, at *4 (D. Ariz. Feb. 9, 2012).

In any event, even if Defendant was correct, then a preemption analysis applicable to federal savings associations is appropriate here. Defendant Wells Fargo's reliance on the HOLA preemption standard is misplaced because Congress

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

---

[2] The court in *Gerber v. Wells Fargo Bank, N.A.*, criticized the cases relied on by Defendants to support the claim that World Savings and Wachovia somehow bestow HOLA preemption to Wells Fargo because the "cases cite either (a) nothing, (b) each other, or (c) generic statements of law about corporations succeeding to the rights of the entities they acquire." 2012 WL 413997, at *4 (D. Ariz. Feb. 9, 2012). As the court noted, "preemption is not some sort of asset that can be bargained, sold, or transferred." Id.; see also *Albizo v. Wachovia Mortg.*, 2012 WL 1413996, at *15 (E.D. Cal. Apr. 20, 2012) (HOLA is not a privilege that can "trickle[...] down" to a loan's successor in interest).

Case No. 14-CV-02658-DSF (PJWx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

amended HOLA in 2011 as a part of the Dodd-Frank Wall Street Reform and Consumer Protection Act to conform HOLA preemption standards to the NBA conflict preemption standard. *See* 12 U.S.C. § 1465(a) (2012) ("Any determination by a court ... regarding the relation of State law to [federal savings associations] shall be made in accordance with the laws and legal standards applicable to national banks regarding the preemption of State law.").

### 2. HBOR Claims are Not Preempted by the National Banking Act.

For a state law to be preempted under the OCC regulations of the NBA, the law would have to be listed in the express preemption clause and be absent from the savings clause. *Aguayo*, 653 F.3d at 922. Plaintiffs' claims escape preemption under each rubric: they are *not* expressly preempted and they *are* included in the savings clause.

Defendant's argument that HBOR regulates the "servicing" and "processing" of loans relies on an overbroad construction of "servicing" and "processing" that is un-tethered to lending, the focus of the OCC regulation. To interpret "servicing" to include foreclosure, as Defendant argues, would result in the preemption of every state law regarding foreclosure. *See Gerber*, 2012 WL 413997, at *8 ("'[S]ervicing' does not include 'foreclosure,' and state laws regulating foreclosure are therefore not preempted by NBA ..."). HBOR deals with the timing of foreclosure and does **not** intrude on federal law regarding lending and loan servicing.

Nor does HBOR require "disclosures" because notices that relate to debt collection upon default of an existing loan are not disclosures within the meaning of the regulation. *See Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 325 (4th Cir. 2012). The NBA only preempts state laws requiring disclosures at loan origination. OCC Interpretive Letter No. 1005, 2004 WL 3465750 (June 10, 2004).

Case No. 14-CV-02658-DSF (PJWx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Significantly, HBOR requires banks to disclose why a modification application has been approved or denied only *after* the borrower has defaulted on their loan, not at loan origination.  The statute's pre-foreclosure requirements, then, are not lending disclosures preempted by the NBA.

Further, even if HBOR regulated "servicing," "processing," or "disclosures," the regulation's savings clause would still "**save**" it from preemption. Foreclosure is nothing more than a debt collection process on a real estate loan. It follows, then, since the statutes regulate procedures before a notice of default or foreclosure sale, this law undoubtedly regulates creditors' "rights to collect debt" within the meaning of the OCC's savings clause. 12 C.F.R. §34.4(b)(5) (2011). HBOR is therefore "saved" and not preempted. *See Gerber*, 2012 WL 413997, at *5 ("There has never been a federal presence ... sufficient to displace the various types of state statutes governing foreclosure procedures.").

Another requirement within 12 C.F.R. §34(b)'s savings clause is that the state law not "significantly interfere" with the national banks' powers under the NBA. Nothing in HBOR requires Defendant to offer a loan modification or to change its lending or servicing practices. The statute simply requires a mortgagee to delay the foreclosure process until it has ruled on a borrower's modification application.

### 3. Even if HOLA was the Correct Analysis, HBOR is Not Preempted Under HOLA.

Under HOLA, a state law is not preempted if (1) it is not listed within the express preemption clause or (2) it has only an incidental effect on lending. *Silvas v. E\*Trade Mortg. Corp.* (9th Cir. 2008) 514 F.3d 1001, 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). HBOR avoids preemptions under either criterion because it does not regulate servicing and only has an incidental effect on lending.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The California Court of Appeal held that former Civil Code §2923.5 was not preempted by HOLA because the statue only regulates the *foreclosure process*, which has traditionally been a matter of state real property law. *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 230. Former Civil Code §2923.5 required that prior to recording a notice of default, the mortgage servicer must contact the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," and provide an opportunity for a subsequent meeting regarding options to avoid foreclosure and financial assessment. *See* Cal. Civ. Code §2923.5(a) (2012).

Civil Code §2923.6 does not impose any additional requirements that exceed the state-regulated foreclosure context. It simply requires a mortgagee to make a "written determination" that a modification has been approved or denied before moving forward with the foreclosure process. *See* Cal. Civ. Code §2923.6(c)(1). Civil Code §2923.6 requires pre-Notice of Default outreach and provides borrowers be given an opportunity for reevaluation under certain circumstances.

However, the *manner* in which a loan servicer reviews that subsequent application is not regulated by statute. *See*, e.g., *Caldwell v. Wells Fargo Bank, N.A.*, 2013 WL 3789808, at *5-6 (N.D. Cal. July 16, 2013). These requirements impact only the timing and procedures as part of the foreclosure process. Nothing in the statute requires Wells Fargo to modify its loan origination or servicing practices outside of the foreclosure process. Like the former §2923.6, the HBOR merely expresses the hope of modification; it does not require it. See *Mabry*, at 222-223; *see also* Cal. Civ. Code §2923.4 ("Nothing in this act that added this section, however, shall be interpreted to require a particular result of that process.").

Here, Plaintiffs' only proper remedy under Section 2923.6 is substantively identical to that provided for under Civil Code §2923.5 – postponement of trustee

Case No. 14-CV-02658-DSF (PJWx)

8

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

sale. While the HBOR now provides for money damages for a material violation of §2923.6 where the trustee's deed upon sale has already been recorded (Cal. Civ. Code §2924.12(b)), Plaintiffs bring this action pre-sale and, thus, are afforded only the remedy of postponement. In any event, the fact that the HBOR provides for additional post-sale remedies for servicer violations does nothing to change this analysis. *See Lopez v. Washington Mut. Bank F.A.*, 284 F.3d 990 (9th Cir. 2002) (finding that the imposition of a damage remedy does nothing to interfere with the mortgagee's ability to conducting lending activities under HOLA).

Ultimately, what Defendant argues is that any substantive requirement imposed by state foreclosure law is preempted. But Defendant cannot have it both ways: it cannot rely on California's non-judicial foreclosure statute as authorization to sell the home, yet argue that the procedural protections afforded to the homeowner under the same regime are preempted. *See Osorio v. Wells Fargo Bank*, 2012 WL 1909335, at *2 (N.D. Cal. May 24, 2012) ("[a] lender cannot on the one hand rely on California law as the foundation for its right to conduct a non-judicial foreclosure, while on the other hand ignore any restrictions or procedural requirements that are part of that process under California law.").

Following Defendant's logic, Defendant should be precluded entirely from proceeding with a non-judicial foreclosure on grounds that the requirements imposed by California law on non-judicial foreclosures are preempted by HOLA. In other words, as a consequence of Defendant's understanding of the scope of federal preemption, the non-judicial foreclosure initiated by Defendant is void, rendering the Notice of Default and Notice of Sale both void *ab initio*.

**4. Plaintiffs' HBOR, Cal. Bus. & Prof. § 17200, negligent misrepresentation and negligence claims fall squarely within 12 C.F.R. § 560.2(c)'s list of state claims, which are not preempted.**

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant's argument fails to acknowledge Plaintiffs' state claims only incidentally affect the lending operations of a Federal savings association and fall squarely within California's real property, contract and tort laws. *See* 12 C.F.R § 560(c). California's foreclosure laws would be considered "real property laws." In addition, foreclosure laws merely provide a process for the bank to follow if and when the bank decides to foreclose on a real property security instrument; they do not affect any of the bank's lending operations. Moreover, federal law does not provide any authority over California's foreclosure process relating to Federal savings associations. Plaintiff's real property claims relate directly to Defendant's wrongful conduct associated with its attempts to foreclose on a real property security instrument, Plaintiffs' deed of trust, secured by the Subject Property, not Defendant's lending practices or operations. In addition, Plaintiffs' fraud and negligence claims arose during the course of Defendant's unlawful attempts to foreclose on Plaintiffs' deed of trust. Thus, Plaintiffs' HBOR, fraud, negligence and negligent misrepresentation claims are not preempted and Defendant's motion to dismiss must be denied as to its preemption assertions.

## C. Plaintiffs Have Sufficiently Alleged A Violation of Section 2924.10.

In Plaintiffs' Complaint, Plaintiffs allege a claim for violation of Civil Code section 2924.10. (Compl., ¶¶ 62-71.) In Defendants' Motion to Dismiss Plaintiffs' Complaint, Defendants assert that Plaintiffs' fail to specifically "allege how this particular omission by Wells Fargo is a material violation of the statute, or how it has impeded their attempt to obtain a loan modification." (Defendant's Memorandum of Points and Authorities, at p. 12). Defendants cannot prevail on this assertion, as Plaintiffs clearly allege, "Plaintiffs have been harmed by Defendants' failure to provide accurate material disclosures

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

1    and notice such that Plaintiffs can cure the default and extinguish the

2    transaction by operation of law." (Compl., ¶ 59). Thus, Plaintiffs sufficiently

3    pleaded facts constituting a cause of action arising out of a violation of Section

4    2924.10, and Defendants' motion to dismiss must be denied.

### D. Plaintiffs Have Sufficiently Alleged A Violation of Section 2923.7.

HBOR requires servicers to provide borrowers seeking foreclosure alternatives with a single person (or team) that handles the borrower's application, has updated information, ensures that the borrower is considered for all foreclosure alternatives, and has the authority to stop a foreclosure sale. Cal. Civ. Code § 2923.7(b). Importantly, the point of contact "shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted ..." Cal. Civ. Code § 2923.7(c).

While, as Defendant points out, a single point of contact ("SPOC") can be an individual or a team of personnel, the individual or, if a team, each member of the team must be knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process and have the authority to perform the responsibilities outlined in the statute. See Cal. Civ. Code § 2923.7(e). Plaintiffs allege Defendant failed to provide them a SPOC who was knowledgeable about their status in the foreclosure alternatives process or had the authority to act on their requests (Compl., ¶¶ 51-55, 79).

Defendant also failed to provide Plaintiffs one or more direct means of communication with the SPOC. Plaintiffs' calls were either transferred to non-SPOC customer service representatives, each of whom was not knowledgeable about Plaintiffs' file, gave conflicting information regarding the status of their account/and or loan application. (Id., ¶¶ 49-51, 79-81). Defendant also failed to maintain a SPOC

Case No. 14-CV-02658-DSF (PJWx)

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ., APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

for Plaintiff that remained Plaintiffs' contact until Defendant determined they did not qualify for *any* foreclosure alternative. (Id., ¶¶ 80, 81).

Moreover, Plaintiffs allege they have been harmed by Defendants' failure to provide accurate material disclosures and notice and accordingly, have been unable to cure the default as a result of Defendant's failure to comply with Section 2923.7 and have incurred costs associated with the Defendant's foreclosure action. (Compl. ¶¶ 59, 82). Accordingly, Plaintiffs have sufficiently alleged a violation of Section 2923.7 and that Defendant's violation caused Plaintiffs to suffer actual damages. Thus, Defendant's motion should be denied as to Plaintiffs' second cause of action.

### E. Plaintiffs' Have Alleged Sufficient Facts for Violation of Section 2923.55.

Plaintiffs allege Defendant, the servicer of Plaintiffs' loan, did not contact them "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" as required by the statute and that the declaration attached to the Notice of Default falsely states Defendant contacted Plaintiffs pursuant to Section 2923.55(b)(2) and 30 days, or more, have passed since the initial contact was made (Compl., ¶ 89, Exh. A, pg. 5).

Defendant's "no harm no foul" argument is unavailing.  Defendant cannot pick-and-choose which statutory protections it will extend to Plaintiffs.  It is clear from Plaintiffs' allegations that Defendant was in contact with Plaintiffs prior to the recordation of the Notice of Default; however it failed to comply with the requirements of Civ. Code §2923.55.

Section 2923.55 creates an absolute duty on behalf of servicers which must be satisfied before a notice of default is issued.  The statute is unambiguous and requires strict compliance.  See *Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1057 (The statute requires not only that a declaration of

compliance be attached to the notice of default, but that the bank actually perform the underlying acts that would constitute compliance.).

A trustee's sale cannot proceed unless and until Defendants record a notice of default that contains a declaration that is accurate and supported by competent and reliable evidence. "If the declaration is false – and defendant did not actually use the required "due diligence" in trying to contact plaintiff – then the Notice of Default itself is false, since the declaration must be attached to the Notice. [ ] Moreover, the Notice is invalid since "due diligence" is a statutory prerequisite to filing a notice of default." *Vong v. Bank of Am., N.A.* (E.D. Cal. 2013) 2013 WL 2254243 at p. 20; see also Cal. Civ. Code §§ 2923.55(a) and (c). Here, the declaration of compliance recorded along with the Notice of Default is clearly false.

Plaintiffs' Complaint sufficiently alleges Defendant failed to perform the steps required by Section 2923.55 before it recorded the Notice of Default and issued a Notice of Sale. Partial compliance is not sufficient. Defendant's noncompliance renders the Notice of Default fatally defective. Because the Notice of Default is defective, the Notice of Sale which relies upon it is also defective. Thus, both the Notice of Default and Notice of Sale are not "accurate and complete and supported by competent and reliable evidence" and are incapable of legal enforcement. See Cal. Civ. Code § 2924.17(a) and (b). Moreover, Plaintiffs have sufficiently alleged Defendant's violations were the actual cause of Plaintiffs injury and were material. (Compl. ¶¶ 59, 96).

## F. Plaintiffs' Have Alleged Sufficient Facts for a Section 2923.6 Claim.

Plaintiffs' first cause of action alleges an actionable violation of Section 2923.6. Section 2923.6, under the HBOR provides procedural protections to borrowers in review, or seeking a fair opportunity to be reviewed, for a first lien loan modification. See also Cal. Civ. Code §2934.4(a). Defendants violated Section

Case No. 14-CV-02658-DSF (PJWx)

13

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

2923.6 in the following two ways: (1) Defendant recorded a Notice of Default before providing Plaintiffs with a written determination they were not eligible for a foreclosure prevention alternative, while their loan modification application was under review; and (2) Defendant continued foreclosure action after being notified of Plaintiffs' material change in financial circumstances. Moreover, this material change in financial circumstances is supported by sufficient documentation evidencing such claim.

**1. Defendant failed to provide Plaintiffs with a written determination they were not eligible for a foreclosure prevention alternative, prior to recording the Notice of Default.**

Section 2923.6 prohibits "dual tracking," the practice of evaluating a borrower for a modification while simultaneously proceeding with a foreclosure. If a borrower submits a complete loan modification application, the mortgage servicer is prohibited from recording a notice of default or notice of sale or conducting a trustee's sale until the mortgage servicer makes a written determination that the borrower is not eligible for a loan modification, and any appeal period has expired. *See* Cal. Civ. Code § 2923.6(c)(1).

Here, Plaintiffs allege they submitted a complete application for loan modification, along with all required financial documentation, on or about July 2014 and Wells Fargo undertook a review of the application. Plaintiffs supplied Wells Fargo with all documents required by Wells Fargo specified by Wells Fargo. (Compl., ¶65, 78, 101). Defendants recorded the Notice of Default and Notice of Trustee's Sale while Plaintiffs' complete application was pending in violation of the statute's dual track restrictions. See Cal. Civ. Code § 2923.6(c).

Wells Fargo argues that Plaintiffs have not stated a claim for violation of Section 2923.6 because the dual-tracking restrictions do not apply when there has

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

1    been a prior modification. Plaintiffs have never alleged that their loan was modified

2    previously and Plaintiffs have never alleged a default or a breach under any written

3    first lien loan modification. Defendants attempt to judicially notice a purported loan

4    modification agreement from 2009. Defendants' Request for Judicial Notice fails

5    because Defendants cannot ask for judicial notice of disputed facts which lay outside

6    the four (4)-corners of the Complaint. Accepting the truth of such documents would

7    improperly convert the motion to dismiss into a motion for summary judgment.

8    *Cooper v. Pickett,* 137 F. 3d 616, 623 (9th Cir. 1998).

9         However, even if Plaintiffs received a loan modification, Plaintiffs cause of

10   action for violation of Section 2923.6 still survives because HBOR is not applied

11   retroactively. Thus, the fact that Plaintiffs did or did not receive a modification in

12   2009 is irrelevant to Plaintiffs' attempts to obtain a loan modification after HBOR's

13   enactment in January 1, 2013. *See* Defendant Wells Fargo Bank, N.A.'s

14   Memorandum of Points and Authorities pp. 12, note 4 ("[T]he provisions of HBOR

15   were not effective until January 1, 2013."). Thus, HBOR only prevents dual-tracking

16   on loan modifications after January 1, 2013, and does not apply to modifications

17   allegedly made prior to January 1, 2013. Thus, Defendant was not permitted to move

18   forward with any foreclosure activity because Plaintiffs did not receive any such

19   modifications post January 1, 2013. Moreover, Plaintiffs properly submitted to

20   Defendant and pled in their Complaint a material change in financial circumstances

21   which was properly documented and supported by sufficient documentation. (Compl.

22   ¶¶ 104, 105).

23        Based on the foregoing, Plaintiffs' fourth cause of action for violation of

24   Section 2923.6 is properly pled and Wells Fargo's motion to dismiss should be

25   denied.

26        **2. Defendant was required to reevaluate Plaintiffs based on their**

27

Case No. 14-CV-02658-DSF (PJWx)

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

**documented change in financial circumstances.**

The Legislature in enacting HBOR mandated pursuant to Section 2923.6(g) the following:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a *material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer*. [Emphasis added.]

To protect lenders against borrowers who submit multiple first lien loan applications for the purpose of delay, HBOR excuses servicers from evaluating applications from borrowers who have already been evaluated or were afforded a fair opportunity to be evaluated prior to January 1, 2013. However, the above exceptions do not apply if the borrower provides the servicer with documentation evidencing a "material change" in the borrower's financial circumstances since the borrower's previous application. Cal. Civ. Code § 2923.6(g).

As alleged in the Complaint, Plaintiffs' financial circumstances have materially changed since the date of their previous application for a first lien loan modification. Specifically, Plaintiffs' gross income has increased and the second mortgage was forgiven on or around August/September 2014. (Compl. ¶¶ 104-106, Exh. C). In addition, Plaintiffs' counsel submitted Plaintiffs' financial changes to Defendant Wells Fargo on or around September 2014 and states Plaintiffs' counsel did so by providing a complete financial package on or around September 2014. (Compl. ¶¶ 104-106, Exh. C). Plaintiffs requested a reevaluation for loan modification based on their changed circumstances and submitted a complete application, along with all required financial documentation, evidencing the change

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

(Id., ¶¶ 104-106; Compl. Exh. C). Defendant Wells Fargo did not acknowledge Plaintiffs' application (as required by Section 2924.9) and did not agree to reevaluate Plaintiffs based on their changed circumstances and, instead, attempted proceeded with foreclosure in violation of Section 2923.6 (Id., ¶¶ 104-109).

Based on the foregoing, Plaintiffs' fourth cause of action for violation of Section 2923.6 is properly pled and Defendant's motion to dismiss should be denied.

### G. Plaintiffs Have Sufficiently Alleged A Violation of Section 2924.9.

Defendant argues Section 2924.9 cannot apply to Plaintiffs because they were previously reviewed and denied for a loan modification; meaning Plaintiffs have exhausted the loan modification process described in Section 2923.6 and, thus, Defendant was exempt from complying with Section 2924.9.

Defendant's argument is unavailing as Plaintiffs' October 2014 request for a loan modification was based on material changes in their financial circumstances. (Compl. ¶¶ 52-53, Exh. C). A borrower is entitled to the Section 2923.6 loan modification process notwithstanding a prior loan modification in cases where the subsequent modification request is based on a material change in the borrower's financial circumstances.  See Cal. Civ. Code § 2923.6(g). Thus, the Section 2923.6 protections apply to Plaintiffs and Plaintiffs must also be afforded the protections of Section 2924.9.

### H. Plaintiffs Sufficiently State A Cause Of Action For Violation Of California Business & Professions Code § 17200.

The UCL authorizes actions for injunctive relief to enjoin unfair competition, as defined under Business & Professions Code § 17200, et seq.

Plaintiffs state a valid claim under the "unlawful prong" of the UCL based on Defendant's violations of Sections 2923.55, 2923.6, 2923.7, 2924.9 and 2924.10,

Case No. 14-CV-02658-DSF (PJWx)

17

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1   discussed above. *See, e.g., Farmers Ins. Exch. v. Sup. Ct. (1992) 2 Cal. 4th 377,*

2   *383* (explaining that the UCL treats violations of other laws as actionable under the

3   UCL).

4        The "unfair" prong of a UCL claim requires conduct that was misleading,

5   against legislatively stated public policy, or "immoral, unethical, oppressive,

6   unscrupulous or substantially injurious to consumers." *See Bardin v.*

7   *Daimlerchrysler Corp.* (2006) 136 Cal. App. 4th 1255, 1260. Plaintiffs' valid

8   HBOR claims constitute unfair conduct under the UCL. This unethical, oppressive,

9   and injurious conduct would substantially injure considers without any

10  countervailing benefits to considers or competition.

11       Furthermore, Defendant's numerous violations of the HBOR constitute

12  conduct against legislatively stated public policy as the purpose of HBOR is to

13  ensure that "borrowers are considered for, and have a meaningful opportunity to

14  obtain, available loss mitigation offered by or through the borrower's mortgage

15  servicer." Civ. Code § 2923.4(a); *see also Jolley v. Chase Home Finance, LLC*

16  (2013) Cal.App.4th 872, 904 (finding a public interest in prohibiting dual tracking).

17       Additionally, the "fraudulent" prong of the UCL prohibits fraudulent

18  practices that are likely to deceive the public. Here, Defendant recorded a false

19  declaration of compliance with §2923.55 into public records. A plaintiff is not

20  required to show actual deception, reasonable reliance and damage in order to

21  establish a defendant's fraudulent business practices. *West v. JPMorgan Chase*

22  *Bank, N.A.* (2013) 214 Cal.App.4th 780, 806, quoting *Daugherty v. American*

23  *Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 838. For example, courts have

24  allowed UCL fraudulent claims against banks that misrepresented their method of

25  posting fees and services charges to mortgage accounts. *See, e.g., Ellis v. JP*

26  *Morgan Chase Bank, N.A.*, 2013 WL 2921799, at *17 (N.D. Cal. June 13, 2013)

27

28

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

("Failure to adequately disclose [the posting method] can shape reasonable expectations of consumers and be misleading.").

Accordingly, the charging of unnecessary and unreasonable fees on Plaintiffs' loan by use of deceptive procedures and concealing the true character, quality, and nature of these assessments is a deceptive practice that results in injury to Plaintiffs and other similarly situated borrowers.

In addition, being charged marked-up and unnecessary fees constitutes injury in fact. *See Hale v. Sharp Healthcare* (2010) 183 Cal. App. 4th 1373, 1383-1384 (patient's UCL claim against hospital adequately alleged standing where plaintiff alleged she was promised services at regular rates but was charged excessive rates. Although plaintiff paid only $500 of her $14,448 bill; patient faced at least an imminent invasion or injury to a legally protected interest).

Plaintiffs present clear and convincing evidentiary support for their claims that Defendant Wells Fargo engaged in unlawful, fraudulent or unfair business practices. Furthermore, Plaintiffs have suffered injury-in-fact as a result of these unfair business practices. Thus, Defendant's motion to dismiss should be denied.

## I. Plaintiffs' Cause of Action for Negligent Misrepresentation is Sufficiently Pleaded.

Defendant claims that Plaintiffs' cause of action for negligent misrepresentation must fail because Plaintiffs fail to specifically allege a misrepresentation by Defendant, allege specific facts indicating reliance, Plaintiffs fail to plead specific facts indicating injury, and Plaintiffs cannot

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

allege a misrepresentation of a past or existing fact. (Defendant's Memorandum of Points and Authorities, at 3, 17-19). Defendants cannot prevail on these arguments, and Defendants' motion as to Plaintiffs' seventh cause of action must be denied.

### 1. Plaintiffs Specifically Allege a Misrepresentation by Defendants.

Defendant Wells Fargo has fraudulently misled Plaintiffs to believe that Wells Fargo was going to work with Plaintiffs so that they could stay in the home and obtain a long term solution for Plaintiffs' loan. Plaintiffs have been fraudulently misled into believing that a long term solution to keep them in their home was being worked on and that foreclosure proceedings would not initiate on their home. (Compl., at ¶140).

In addition, Defendant Wells Fargo made unwarranted and untrue promises, assertions, and material representations to Plaintiffs intending them to be true and induce Plaintiffs to rely upon them and change Plaintiffs' conduct, and waive his legal and equitable rights or forbear them from legal action related to the Property and to the Loan. Defendant Wells Fargo led Plaintiffs to believe that it had made a preliminary review of the information Plaintiffs sent and verified Plaintiffs were eligible for a modification or other long-term solution if Plaintiffs supplied the necessary information and continued to comply with the loan modification process, sending Plaintiffs' Loan further and further into default. (Compl., at ¶141-42). Consequently, Plaintiffs specifically pleaded a misrepresentation by Defendants, and Defendants motion should be denied.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ., APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## 2.   Plaintiffs Allege Specific Facts Indicating Reliance.

Plaintiffs reasonably relied on Defendants' representations and continued to spend their valuable money, time, and efforts in attempting to modify the Loan and providing the information requested, which Plaintiffs had submitted, only in an effort to obtain a loan modification or other "resolution" and long-term solution. Defendant Wells Fargo made each material representation without a reasonable ground for believing it to be true under these circumstances, and Wells Fargo made each material representation with the intent to induce Plaintiffs' reliance on the fact misrepresented, and to deceive Plaintiffs. Plaintiffs had every reason to believe the truth of such representations and did so. Plaintiffs reasonably relied upon such representations. (Compl., at ¶143-44).

Defendant Wells Fargo induced Plaintiffs by written and verbal promises, that during the evaluation of the modification, but contrary to its representations and conduct toward Plaintiffs, Defendants concealed from Plaintiffs the fact there was a foreclosure sale date pending against the Property, and that they did intend to foreclosure during the evaluation period, and Defendants, without proper authority, did notice such foreclosure. Such promises made otherwise were false. (Compl., at ¶145).  Consequently, Plaintiffs reliance was reasonable because they relied on the advice that was provided to them by the entity that ultimately had the power to provide them with what they sought—a loan modification.  Consequently, Defendant's motion as to this cause of action should be denied.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

### 3.    Plaintiffs Adequately Plead Facts Indicating Injury.

Defendants assert that because Plaintiffs have defaulted on their loan, no injury is apparent.   (Defendant's Memorandum of Points and Authorities, at 19.)

In addition to potentially losing their home, Plaintiffs pleaded that they have suffered financial injuries, as well as additional fees and costs.   As an actual and proximate result thereof, Plaintiffs have suffered harm, and has been required to retain counsel to bring an action to stop the unlawful foreclosure of their home. Plaintiffs are entitled to recover all attorneys' fees and costs as a result of Defendants' conduct and to seek injunctive relief to enjoin future harmful conduct. As with Defendant's other claims, Defendant's motion as to this cause of action should be denied.

### J. <u>Plaintiffs' Negligence Cause of Action is Sufficiently Pled.</u>

Wells Fargo contends that Plaintiffs' negligence cause of action fails because Wells Fargo does not owe a duty to Plaintiffs as a matter of law.  Indeed, California federal and state courts were divided on the question of when lenders owe a duty of care to borrowers in the context of loan modification applications and foreclosure proceedings.   See *Nymark v. Heart Fed. Savings & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1095-96 (as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money); cf. *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 901 (*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower; rather, the court in *Nymark* based its determination on the balancing of

Case No. 14-CV-02658-DSF (PJWx)

22

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

the *Biakanja* factors[3]).

The court in *Lueras v. BAC Home Loans Servicing, LP (2013) 221 Cal.App.4th 49* held that while a lender may not owe a duty "to offer, consider or approve" a loan modification, a lender is also under a duty "to not make material misrepresentations about the status of an application for loan modification or about the date, time, or status of a foreclosure." *Id.* at 68-69.

The recent California Court of Appeal decision in *Alvarez v. BAC Home Loans Servicing, LP* 2014 WL 3883282 (Cal.App. 1 Dist.) added that while a lender does not have a duty to offer or approve a modification, ***a lender does owe a borrower duty to exercise reasonable care in the review of a borrower's loan modification applications once the lender agrees to review for a modification***. *Id.* at *11.

The Complaint alleges that Plaintiffs made several requests for a loan modification and Wells Fargo undertook a review of Plaintiffs' application. Having done so, Wells Fargo owed Plaintiffs a duty to exercise reasonable care in processing and reviewing Plaintiffs' application. Wells Fargo breached this duty by (1) failing to review Plaintiffs' application in a timely manner, (2) initiating foreclosure action while Plaintiffs' application was pending, and (3) mishandling Plaintiffs' application by relying on incorrect information and misplacing or ignoring documents submitted by Plaintiffs.

Applying the *Biakanja* factors, the transaction was intended to affect Plaintiffs and it was entirely foreseeable that failing to timely and carefully process the loan modification applications could result in significant harm to Plaintiffs in

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

---

[3] The *Biakanja* factors consider: (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm. *Biakanja v. Irving* (1958) 49 Cal.2d 647, 650.

Case No. 14-CV-02658-DSF (PJWx)

23

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

that the decision on Plaintiffs' application would determine whether they could keep their home.   In addition, Plaintiffs' credit rating would be adversely affected, thereby making it more difficult for Plaintiffs to secure alternative financing to cure the default.

The injury to Plaintiffs is certain.   The mishandling of the documents deprived Plaintiffs of the possibility of obtaining loss mitigation assistance, avoiding foreclosure, and remaining in their home.   Wells Fargo kept Plaintiffs engaged in years of inconsistent and duplicative document requests forcing Plaintiffs further into default such that Plaintiffs were unable to cure the default because of substantial arrearages.

There is a close connection between Wells Fargo's conduct and Plaintiffs' injuries.  To the extent Plaintiffs otherwise qualified and would have been granted a modification, Wells Fargo's conduct in misdirecting the papers submitted by Plaintiffs directly precluded the loan modification application from being timely processed.

"With respect to whether defendants' conduct was blameworthy – the fifth *Biakanja* factor – it is highly relevant that the borrowers '"ability to protect his own interests in the loan modification process [is] practically nil"' and the bank holds '"all the cards."' *Alvarez*, 2014 WL 3883282 at *11, citing *Jolley*, 213 Cal.App.4th at 900.  ("Borrowers cannot pick their servicers or fire them for poor performance ... Providing limited and low-quality information not only allows servicers to save money on customer service, but increases the chances they will be able to collect late fees and other penalties from confused borrowers.")

The policy of preventing future harm favors imposing a duty of care on an entity in Wells Fargo's position.   This is evidenced by the fact that the State of California, through legislation, enacted the HBOR in an effort to prevent future

1  harm from unnecessary and wrongful foreclosures.    Much of Wells Fargo's
2  misconduct − failing to process the applications in a timely manner, dual tracking,
3  and losing documents − is conduct now regulated by the HBOR and the new
4  Consumer Financial Protection Bureau Mortgage Servicing Rules (Regulation X).

## III.   CONCLUSION

7  Plaintiffs respectfully requests that the Court deny Defendant's motion to
8  dismiss. Wells Fargo persistently violated Sections 2923.55, 2923.6, 2923.7, 2924.9
9  and 2924.10 under HBOR.   Moreover, Defendant Wells Fargo, by its conduct,
10  engaged in unlawful, unfair or fraudulent business practices with respect to
11  Plaintiffs' property and the subject loan, which caused Plaintiffs' injury.   Finally,
12  Defendant conduct amounted to both negligence and negligent misrepresentation
13  with respect to Plaintiffs property and the subject loan and a result of such conduct
14  cause Plaintiffs' injuries.

19  ///

20  To the extent that the Court is inclined to grant this motion, Plaintiffs
21  respectfully requests that the Court grant Plaintiffs leave to amend the Complaint to
22  cure any deficiencies and add additional factual basis in support of their claims.
23  Respectfully Submitted.

24  DATED: January 5, 2015          **Law Offices of Joseph R. Manning, Jr.**

26

27          By:___/S/_Joseph R. Manning___

**Case No. 14-CV-02658-DSF (PJWx)**

25

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD, STE. 150
NEWPORT BEACH, CALIFORNIA 92660

JOSEPH R. MANNING JR.
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

26

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 4667 MacArthur Blvd., Suite 150, Newport Beach, CA 92660.

On January 5, 2015, I served the true copies of the foregoing document described as **PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS** on the interested parties in this action, addressed as follows:

**Served Electronically via Court's CM/ECF System:**

*Attorneys for Defendant Wells Fargo Bank, N.A.*
Dean A. Reeves
Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP
199 South Los Robles Ave. Suite 600
Pasadena, CA 91101-2459
Email:      dreeves@afrct.com

I certify under penalty of perjury under the laws of the State of January 5, 2015.

_____
Amy Olmedo

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Case No. 14-CV-02658-DSF (PJWx)

PROOF OF SERVICE